12-3409-cr
United States v. Karlov

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand thirteen.

PRESENT:   JON O. NEWMAN,
           REENA RAGGI,
           GERARD E. LYNCH,
                *Circuit Judges.*
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                *Appellee*,

           v.                                              No. 12-3409-cr

ALEXANDRE KARLOV, a/k/a Alex Karlov, a/k/a Karlukha,
                *Defendant-Appellant.*
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        JOSHUA A. LEVINE (Michael J. Castiglione, Joan E. Flaherty, *on the brief*), Simpson Thacher & Bartlett LLP, New York, New York.

APPEARING FOR APPELLEE:         PAUL M. KRIEGER, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's final order of August 6, 2012, is AFFIRMED.

Defendant Alexandre Karlov, who stands convicted of conspiracy to commit mail fraud, see 18 U.S.C. §§ 1349, 1341, and of making false statements, see id. § 1001, appeals from the denial of his motion for a new trial based on the government's post-conviction disclosure that prosecution witness Viktor Shapovalov lied at trial about his past and present criminal activity, see Fed. R. Crim. P. 33. We review the denial of a Rule 33 motion for abuse of discretion and the underlying factual findings for clear error. See United States v. Rigas, 583 F.3d 108, 125 (2d Cir. 2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference here only as necessary to explain our decision to affirm.

Even where newly discovered evidence reveals perjury, motions for new trials "should be granted only with great caution and in the most extraordinary circumstances." United States v. Stewart, 433 F.3d 273, 296 (2d Cir. 2006) (internal quotation marks omitted) (collecting cases). Thus, where, as here, the government was unaware of Shapovalov's perjury, a new trial is warranted only if the false testimony was material to the jury's verdict, leaving the trial court with a firm belief that, but for the perjured testimony, the defendant would most likely not have been convicted. See id. at 299–302. The district court acted well within its discretion in concluding that this case did not satisfy this standard.

2

Because the credibility of a witness who testifies to substantive facts is a material issue at trial, evidence impeaching the witness's credibility cannot be deemed "immaterial." United States v. White, 972 F.2d 16, 20 (2d Cir. 1992). Nevertheless, such evidence is not necessarily material to the jury's verdict when it is cumulative of other impeachment evidence known to the jury. See id. at 21; see also United States v. Avellino, 136 F.3d 249, 258 (2d Cir. 1998). That is the case here.

Insofar as the newly discovered evidence revealed that Shapovalov had engaged in fraudulent activity beyond what he acknowledged at trial, the criminal conduct was sufficiently similar to be cumulative. See, e.g., United States v. Orena, 32 F.3d 704, 717 (2d Cir. 1994) (holding that witness's undisclosed criminal activity did not warrant new trial where jury heard evidence of other similar crimes). To the extent the new evidence also indicated Shapovalov's mendacity, it was similarly cumulative of his numerous lies disclosed at trial. Indeed, that trial evidence as to deceit and fraud was sufficiently extensive to allow Karlov's counsel to secure admissions from Shapovalov that he had "lied repeatedly, over and over again" and "led a life committing a lot of crimes." Tr. 1287; see id. at 1475 (arguing in summation that record showed Shapovalov to be "pathological liar"); United States v. White, 972 F.2d at 21 (holding evidence that witness lied on stand cumulative where witness was "aggressively cross-examined by the defendant's lawyer, who relentlessly attacked [witness's] credibility, called him a liar, and emphasized his lack of veracity in the past").

In urging otherwise, Karlov submits that Shapovalov's newly disclosed lies are not cumulative because they (1) were under oath at the trial of this case, (2) were committed after entering into a cooperation agreement with the government, and (3) concealed continuing criminal activity. While these circumstances certainly warranted careful consideration, they do not signal abuse of discretion in the district court's challenged conclusion. In other cases involving cooperating witnesses who lied at trial about the scope of their criminal activities, we have concluded that the perjury was nevertheless not material to the jury verdict where, as here, the conduct falsely denied or not disclosed was similar to crimes already known to the jury. See United States v. Avellino, 136 F.3d at 258; United States v. Locascio, 6 F.3d 924, 949 (2d Cir. 1993). Thus, while perjury is a particularly serious form of lying—subjecting one to criminal prosecution—a trial court can nevertheless conclude that it was not material to a verdict where the trial record already contains "an abundance of evidence" of the witness's mendacity and criminality. United States v. Avellino, 136 F.3d at 258.

That conclusion is reinforced here by the fact that Shapovalov's perjury was collateral to the core issues in the trial. See United States v. White, 972 F.2d at 20–21 (observing that importance of false testimony "is, of course, lessened when the perjury involves some collateral matter concerning the witness, rather than testimony about facts relevant to the merits of the case"); accord United States v. Stewart, 433 F.3d at 300. United States v. Wallach, 935 F.2d 445 (2d Cir. 1991), warrants no different conclusion.

4

In contrast to that case, Shapovalov did not claim to have "undergone a moral transformation," nor did the government so suggest. Id. at 457. Further, the government did not here attempt either to limit the defense's impeachment of Shapovalov's credibility or to vouch for that credibility as had occurred in Wallach. See id. at 459. Finally, although the district court, like the parties, did not know that Shapovalov had lied during his trial testimony, it did instruct the jury that it should scrutinize the whole of his testimony "with special care and caution" in light of his status as a cooperator, an instruction notably absent in Wallach. See id. at 455, 457. In these circumstances, the district court could reasonably conclude that Shapovalov's failure truthfully to acknowledge his continuing collateral criminal activity would not "create a reasonable doubt that did not otherwise exist concerning the factual elements of [Karlov's] counts of conviction." United States v. Stewart, 433 F.3d at 300 (brackets and internal quotation marks omitted).

We further reject Karlov's argument that Shapovalov was the only witness to implicate him in the charged conspiracy or to provide evidence of an overt act within the limitations period. See United States v. Wallach, 935 F.2d at 458. Two other cooperating witnesses implicated Karlov in the charged conspiracy, and the jury heard Karlov's own detailed post-arrest statement, which was inculpatory in important respects. Further, evidence of a staged accident occurring in January 2000 was offered by witnesses other than Shapovalov.

While Karlov challenges the credibility and sufficiency of this other evidence, insofar as those challenges are distinct from Shapovalov's perjury, we must assume that the jury

5

resolved all credibility challenges and drew all reasonable inferences in favor of the prosecution. See United States v. Abu-Jihaad, 630 F.3d 102, 134–35 (2d Cir. 2010). When we do that here, Karlov's challenges fail on the merits.

In sum, because evidence of Shapovalov's continuing criminality as well as his perjury in not disclosing that activity would have been cumulative of other evidence of criminality and mendacity already before the trial jury, we cannot conclude that but for the perjured testimony, Karlov would likely not have been convicted. In these circumstances, the district court acted within its discretion in denying Karlov a new trial.

Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6